**UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Stephen A. Saccoccia<br>Petitioner<br>V<br>United States of America<br>Respondent | Civil Case No. 97-248T<br>Saccoccia v United States<br>Judgment of 28 U.S.C. –<br>§ 2255 rendered on<br>September 15, 1999 |

Now comes Stephen A. Saccoccia, (hereafter "Petitioner") and hereby respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. 60(b)(4) to vacate the above cited judgment.

## JURISDICTION

This Court has jurisdiction to address this motion under Rule 60(b) jurisprudence because Petitioner only points out procedural defect in the procurement of the judgment under attack rather than pointing out constitutional error to the underlying judgment. See, *Gonzalez v Crosby*, 545 U.S. ____, 162 L. Ed. 2d 480, 125 S. Ct. ___ (2005) "[A] proper Rule 60(b) motion attacks, not the substance of a federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas corpus proceedings." 162 L. Ed. 2d at 493 (emphasis added).

## BACKGROUND

In 1993, Petitioner was sentenced to 660 years imprisonment after being convicted of 54 counts of racketeering and money laundering. This Court imposed sentence pursuant to 18 U.S.C. § 3553(b)(1). Petitioner appealed his conviction and sentencing, challenging among other things, the manner in which his offense level was calculated for sentencing purposes. That appeal was denied by the First Circuit. See, *United States v Saccoccia*, 58 F. 3d. 754 (1st Cir. 1995), Cert. Denied 517 U.S. 1105 (1996).

Later, Petitioner filed a motion, pursuant to 28 U.S.C. § 2255, that included a renewed challenge to the manner in which his sentence was calculated. That motion was denied on September 15, 1999. *Saccoccia v United States*, 69 F. Supp. 297 (D.R.I. 1999). Petitioner's request for Certificate of Appealability was denied by the First Circuit at 42 Fed. Appx. 476 (1st Cir. 2002). Cert. was denied at 124 S. Ct. 451 (2003).

On April 14, 2004, Petitioner filed a motion pursuant to Fed. R. Civ. P. 60(b) against the Judgment of Sentence Cr. No. 91-115(t).

On August 2, 2004, this Court denied said motion without considering the underlying claims set forth because it held in effect, the motion, a successive 28 U.S.C. § 2255 motion over which the Court lacked subject matter jurisdiction. *United States v Saccoccia*, 2004 WL 1764566 (D.R.I.

2004). The First Circuit affirmed, holding this Court "had no choice to dismiss the motion for lack of subject matter jurisdiction." See, No. 04-1657 (1st Cir. 2005), Cert denied, No. 05-8082 (2006). Thereafter, Petitioner applied for Writ of Audita Querela; this Court denied said application on February 3, 2006. (Motion for reconsideration/clarification pending).

## OVERVIEW OF THE NOW-EXCISED 18 U.S.C. § 3553(b)(1) STATUTE

In *U.S. v Antonakopoulos*, 399 F. 3d 68 (1st Cir. 2005), the Court of Appeals recognized as unconstitutional 18 U.S.C. § 3553(b)(1), 3742(e). Id. at 71. The Court recognized the statutory provision—namely § 3553(b)(1) which made the federal sentencing guidelines mandatory, raised constitutional concerns because the statute falls outside the scope of the Sixth Amendment's requirements. Id. 75-76. The Second Circuit also recognized § 3553(b)(1) unconstitutional. See, *United States v Crosby*, 397 F. 3d 103, 104 (2nd Cir. 2005). "[A] sentence explicitly based on a non-existent statutory provision, even if "reasonable" in length, constitutes error .... Because of the unlawful method in which it was selected." Id. at 114. In *Crosby*, the Court explains that a sentencing judge would commit procedural error by drawing its authority pursuant to a non-existent statute.

## ARGUMENT

Petitioner argues that the judgment under attack is void under Rule 60(b)(4) because the Court labored under an unconstitutional Act of Congress, (namely, 18 U.S.C. § 3553(b)(1) previously codified under § 3553(b)). This Circuit recognizes § 3553(b)(1) as unconstitutional. *Antonakopoulos*, 399 F. 3d at 71, 75-76 (citing *Crosby*, 395 F. 3d at 104, 114).

It is well established that "[A]n unconstitutional Act is, in its legal contemplation, as inoperative as though never passed." *Norton v Shellby County*, 118 U.S. 425 (1886); "[A]n unconstitutional Act of Congress in its purely legal aspect, is the same as no Act." *U.S. v Realty Co.*, 163 U.S. 427 (1896). "[A] sentencing judge would commit procedural error by drawing its authority pursuant to a non-existent statute." .... Referring to 18 U.S.C. § 3553(b)(1). *Crosby*, 395 F. 3d at 114 (2nd Cir. 2005) (emphasis added).

As stated above, Petitioner challenged the manner in which his sentence was calculated by way of § 2255. This Court relied upon § 3553(b)(1) compulsory application of the guidelines when deciding the law upon Petitioner's collateral attack upon the sentence. See, also §

3742(e)(also recognized unconstitutional) which incorporates § 3553(b)(1) mandate when conducting appellate review.

Considering that this Court is limited to statutory authority, it is justly argued that this Court exceeded its exercise of judicial power as to violate the Due Process Clause of the Federal Constitution. Just as the United States is forbidden by fundamental law to take either life, liberty, or property without due process of law, this Court is also subject in this prohibition. *Bass v Hoagland*, 172 F. 2d 205, 209 (5th Cir. 1949)(emphasis added). This precedent is firmly established. "[A] court which renders a judgment has not the jurisdiction to render it, either because the proceedings or laws under which they are taken are unconstitutional, or for any other reason, the judgment is void...." *Ex Parte Nielsen*, 131 U.S. 176, 182 (1889).

In closing, it is averred that a Rule 60(b)(4) motion involves no discretion; whether a judgment is void is purely a matter of law, and this Court must grant a properly presented rule 60(b)(4) motion in response to a void judgment. A "void" judgment for the purpose of Rule 60(b)(4) will lie if the court has acted in a manner inconsistent with due process. The First Circuit recognizes that this Court need not be divested of subject matter jurisdiction for Rule 60(b)(4) to lie. This Court may also "void" its prior judgment if it determines it has exceeded proper exercise of judicial power

as to violate the Due Process Clause. *Farm Credit Bank of Baltimore v Ferrera-Goitia*, 316 F. 3d 62, 67 (1st Cir. 2003)(citing cases).

**CONCLUSION**

For the foregoing reasons, Petitioner Pray this Honorable Court to grant this motion.

Submitted this 13th day of April, 2006.

Stephen A. Saccoccia, Pro-Se

**CERTIFICATE OF SERVICE**

I declare, I have mailed a copy of the attached pleading to:

The United States Attorney's Office at 50 Kennedy Plaza, Providence, Rhode Island 02903, on this 13th day of April, 2006.

Stephen A. Saccoccia, Pro-Se
Registration #02596-070
U.S.P. Lewisburg, P.O. Box 1000
Lewisburg, PA. 17837

Michael P Iannotti
Assistant United States Attorney
50 Kennedy Plaza, Providence
Rhode Island 02903

April 13, 2006

Re. United States v Saccoccia, Case No. 91-115(T)

Dear Mr. Iannotti:

It has come to my attention by third party that your office has filed a motion to forfeit property in the above captioned case dated on or about March 31, 2006. I am writing this letter to inform the government that I have not been served a copy of said motion to forfeit my property. As your office should be aware, from current litigation before the Court, I stand in propria persona in all matters regarding the above captioned case.

I would appreciate if the government would send me a copy of said motion so that I may timely respond in accord with the Court's local rules. I would also request that I be placed on your service list in all future pleadings.

Sincerely Yours,

Stephen A. Saccoccia, Pro-Se
U.S.P. Lewisburg P.O. Box
1000 Lewisburg PA 17837
Reg. No. 02596-070

Copy Clerk of the Court

United States District Court
for the District of Rhode
Island (Honorable Ernest C
Torres)