**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEPHEN A. SACCOCCIA<br>Petitioner | : | |
| | : | Civil Case No. 97-248T |
| v. | : | Saccoccia v. United States |
| | : | Judgment of 28 U.S.C. - |
| UNITED STATES OF AMERICA,<br>Respondent | : | § 2255 rendered on<br>September 15, 1999 |

**GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO CORRECT JUDGMENT PURSUANT TO RULE 60(b), FED. R. CIV. P.**

Comes now the United States of America, by and through its attorneys Robert Clark Corrente, United States Attorney, and James H. Leavey, Assistant United States Attorney, and objects to Petitioner's Motion To Correct Judgment Pursuant to Rule 60(b), Fed. R. Civ. P. for reasons stated in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 22nd day of May, 2006, a copy of the within Government's Objection To Petitioner's Motion To Correct Judgment Pursuant to Rule 60(b), Fed. R. Civ. P., along with its accompanying Memorandum, was mailed by first-class mail, postage prepaid, to:

Stephen A. Saccoccia, Pro Se
Register No. 02596-070
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEPHEN A. SACCOCCIA<br>Petitioner | : | |
| | : | Civil Case No. 97-248T |
| v. | : | Saccoccia v. United States |
| | : | Judgment of 28 U.S.C. - |
| UNITED STATES OF AMERICA,<br>Respondent | : | § 2255 rendered on<br>September 15, 1999 |

**MEMORANDUM IN SUPPORT OF**
**GOVERNMENT'S OBJECTION TO PETITIONER'S**
**MOTION TO CORRECT JUDGMENT PURSUANT**
**TO RULE 60(b), FED. R. CIV. P.**

I. HISTORY OF THE CASE

As it pertains to sentencing, this Petitioner was sentenced to 660 years imprisonment in 1993. He appealed this sentence, as well as his conviction, and the appeal was denied. United States v. Saccoccia, 58 F.3d 754 (1st Cir. 1995). Petitioner subsequently filed a Motion Pursuant to 28 U.S.C. § 2255 challenging the manner in which his sentence was calculated. This Court denied the motion. Saccoccia v. United States, 69 F.Supp. 2d 297 (D.R.I. 1999). The First Circuit denied Petitioner's request for a Certificate of Appealability. Saccoccia v. United States, 42 Fed. Appx. 476 (1st Cir. (RI) July 29, 2002); cert. denied, 537 U.S. 1031 (2002).

Petitioner next challenged his sentence under the guise of Fed.R.Civ.P. 60(b) in 2004. This Court denied that motion as well. Petitioner's request for reconsideration was also denied. United States v. Saccoccia, 2004 W.L. 1764556 (D.R.I.). United States v. Saccoccia, Case No. 04-1657 (1st Cir. 6/29/05).

Petitioner next challenged his sentence under both a Writ of Coram Nobis and a Writ of Audita Querela. This Court denied that petition on February 3, 2006. Defendant did not appeal.

Having run out of writs, Defendant, on April 24, 2006, is now returning to Rule 60(b) of the Federal Rules of Civil Procedure. The judgment he seeks to correct is the order denying him relief under § 2255 almost seven years ago. In this Rule 60(b) filing, Saccoccia raises the issue of the retroactivity of United States v. Booker, 543 U.S. 220 (2005). He raised the same issue under his writ of audita querela which was denied by this Court.

This most recent filing, under Rule 60(b), in effect asks the Court to vacate the judgment denying his § 2255 and reconsider it in light of the Booker issue that he raises, for the first time, in his Rule 60(b) motion.

The government maintains that this is an inappropriate use of Rule 60(b). Rule 60(b) is only available to address procedural defects in the underlying proceeding. If Saccoccia's pleading is viewed as an attempt to relitigate the § 2255 petition by adding this new issue, then his motion should be dismissed as an improper attempt to circumvent the gatekeeping provisions of the AEDPA by not following the procedural requirements for the filing of second or subsequent petitions pursuant to § 2255.

The United States maintains that this is just such a case. Saccoccia has repeatedly, extensively, thoroughly, and exhaustively sought and obtained review of his sentence. This most recent attempt should likewise be denied.

## II. ARGUMENT

### A. Saccoccia's Claim Should Be Considered As A Second Or Successive 28 U.S.C. § 2255 Petition

Saccoccia attempts to circumvent the gatekeeping requirement of § 2255 by terming his motion as a motion pursuant to Rule 60(b), a motion to correct judgment. However, such an attempt must fail. When determining whether a motion has been properly named, the courts should look to the subject-matter of the application, not the label placed on it by the applicant. Chambers v. United States, 106 F.3d 472, 475 (2nd Cir. 1997); Tyler v. United States, 929 F.2d 451, 453 (9th Cir.) cert. denied, 502 U.S. 845 (1991); and Solsona v. Warden, 821 F.2d 1129, 1132 (5th Cir. 1987).

The Third Circuit also held that substance controls over caption. United States v. Lloyd, 398 F.2d 978, 979 (3rd Cir. 2005). In that case, the court put it succinctly,

> "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill

> of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls,"

Id. at 979-80 (citations omitted).

Saccoccia cannot rest upon Rule 60(b) to justify relief. The rule states, in part:

> ... the court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is not longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Id.

The issue of whether Rule 60 could be used to vacate a criminal conviction was an issue of first impression in the United States Court of Appeals for the First Circuit in the case of Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003) (state prisoner). The Court noted that there were three principled schools of thought on whether a "prisoner may use Rule 60(b) of the Federal Rules of Civil Procedure as a vehicle for resurrecting a previously dismissed habeas petition." Id. At 67. First, some courts hold that Rule 60(b) is proper in habeas petitions. Id.

Second, some courts hold that Rule 60(b) is unavailable to habeas petitioners. Id. The First Circuit, however, adopted the third approach:

> "a Rule 60(b) motion should be treated as a second or successive habeas petition if - and only if - the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." In other cases - cases in which the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured - the motion may be adjudicated under the jurisprudence of Rule 60(b)."

Id. See also, Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003) (federal prisoner) (a Rule 60(b) motion which challenges the constitutionality of the underlying conviction should be treated as a second or successive petition under 28 U.S.C. § 2255).

The recent Supreme Court case cited by Saccoccia stands for this same proposition. Gonzalez v. Crosby, 125 S.Ct. 2641 (2005). In that case, the Court examined whether relief had been improperly denied based on a decision that the Petitioner's claim was time barred and therefore, procedurally defaulted. Id. at 2645. While still denying the appeal on a straight application of Rule 60(b), the Court recognized,

> "Rule 60(b) has an unquestionably valid role to play in habeas cases. The Rule is often used to relieve parties from the effect of a default judgment mistakenly entered against them, *e.g.*, *Klapprott*, 335 U.S., at 615, 69

> S.Ct. 384 (opinion of Black, J.), a function as legitimate in habeas cases as in run-of-the-mill civil cases."

however the Court also noted,

> " . . . a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition."

Id. at 2649.

Saccoccia's is just such a case. He was not denied relief on procedural grounds. His § 2255 motion was decided on the merits. He now seeks to be heard on a new and different claim. Saccoccia is attacking, under the guise of a Rule 60(b) motion, the constitutionality of his sentence - under Booker, just as he previously did under Apprendi. Therefore, Saccoccia's motion must be considered as a successive petition.

B. As An Improperly Filed Second Or Successive § 2255, Saccoccia's Motion Should Be Dismissed

Saccoccia's motion should be construed as a second or successive § 2255 petition. As such, it should be summarily denied. With certain narrow exceptions, not alleged or met in this case, the AEDPA requires dismissal of such claims. The statute governing the filing of such motions provides as follows:

> A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be

> sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255, ¶ 8, The certification procedure to be followed by the Court of Appeals is set forth in 28 U.S.C. §2244(b)(3). Local Rule 2.2 of the United States Court of Appeals for the First Circuit states in relevant part: "**Transfer**. If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition." Local Rule 22.2.

The First Circuit has held that in light of these provisions, "'a district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals.'" United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999) (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997), cert. denied, 523 U.S. 1123 (1998)), cert. denied, 528 U.S. 1176 (2000); accord Jamison v. United States, 244 F.3d 44, 45-46 (1st Cir. 2001).

The decision whether to dismiss or transfer appears to be discretionary. Barrett, 178 F.3d at 41 n.1. What is clear, however, is that a district court faced with an unapproved second § 2255 motion may not entertain it on the merits.

It is obvious that Saccoccia cannot meet either of the two gatekeeping criteria. Saccoccia has also thoroughly and egregiously abused and violated all applicable procedural rules. Therefore, this Court, in its discretion, should simply dismiss the motion rather than transferring it to the First Circuit.[1] Transfer as a second § 2255 is also not warranted, as a matter of discretion, because Saccoccia's claim is meritless.

C. Saccoccia's Claim Is Meritless

Saccoccia claims that his sentence is in error due to the recent rulings in United States v. Booker, 125 S.Ct. 738 (2005) and United States v. Antonakopoulos, 339 F.3d 68 (1st Cir. 2005). However, Booker is not retroactive because the rule is not one of those "watershed rules of criminal procedure implicating fundamental fairness and accuracy of the criminal proceeding[s]." Cirilo-Munoz V. United States, 404 F.3d 527, 532 (1st Cir. 2005). As a result, Saccoccia's Rule 60(b) motion or

---

[1] Indeed, even pre-AEDPA case law would have required dismissal of the motion as a successive petition under the "abuse of the writ" doctrine. McCleskey v. Zant, 499 U.S. 467, 495-96 (1991); Whittemore v. United States, 986 F.2d 575, 578-79 (1st Cir. 1993); Andiarena v. United States, 967 F.2d 715, 717 (1st Cir. 1992).

his fourth § 2255 petition, by whatever heading it is titled, will fail because, "petitions under 28 U.S.C. § 2255 are unable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive." United States v. Fraser, 407 F.3d 9, 10 (1st Cir. 2005).

III. CONCLUSION

WHEREFORE, the government respectfully moves that the motion be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

James H. Leavey
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 22nd day of May, 2006, a copy of the within Government's Objection To Petitioner's Motion To Correct Judgment Pursuant to Rule 60(b), Fed. R. Civ. P., along with its accompanying Memorandum, was mailed by first-class mail, postage prepaid, to:

Stephen A. Saccoccia, Pro Se
Register No. 02596-070
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA 17837