**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEPHEN A. SACCOCCIA<br>Petitioner | : | |
| | : | Civil Case No. 97-248T |
| v. | : | Saccoccia v. United States |
| | : | Judgment of 28 U.S.C. - |
| UNITED STATES OF AMERICA,<br>Respondent | : | § 2255 rendered on<br>September 15, 1999 |

**PETITIONER'S TRAVERSE TO THE GOVERNMENT'S OBJECTION TO CORRECT JUDGMENT PURSUANT TO RULE 60(b), Fed. R. Civ P. DATED MAY 22, 2006**

Comes now Stephen A. Saccoccia hereafter Petitioner in response to the above captioned matter.[1]

---

1 Before responding to the Government's meritless legal position Petitioner directs the Court erratum to the Government's statement of facts. Pointedly, on February 3, 2006 this Court denied Petitioner's application for Writ Audita Querela. Petitioner has not appealed said decision to the Court of Appeals pending this Court's reconsideration of said Order. See, Docket 91-115 T at No. 402.

## PRELIMINARY STATEMENT

Contrary to the Government's contention, Petitioner is not making any new or additional arguments, or relying on recent rulings subject to retroactive limitations for relief from his conviction or sentence. Govt. Obj. at 6-9. Rather, Petitioner seeks to take advantage of this Circuit's recognition of the unconstitutionality of the statutory provision in which the court drew authority upon when procuring the judgment under attack. See, U.S. v Antonakopoulos, 399 F. 3d 68,71,75-76 (1st Cir. 2005). Pet. Motion at 3-4.

## ARGUMENT

This Court should not be swayed by the Government's meritless boilerplate response to Petitioner's motion to void the judgment at issue pursuant to Rule 60(b)(4). Here, Petitioner attacks, not the substance of the Court's resolution of the underlying claims presented in the habeas corpus proceeding, but the defect in the integrity of said proceeding. Gonzalez v Crosby, 162 L. Ed. 2d 480, 493 (2005). Pointedly, it is averred that this Court labored under an unconstitutional statute when procuring the habeas corpus judgment in the first instance and thus lacked the statutory power to address the constitutional questions presented therein. Pet. Motion 3-6.

It is axiomatic that a federal court's proper exercise of judicial power is limited to statutory authority and subject to the tenet of the Due Process Clause of the Federal Constitution.

In the case at bar the Court labored under a non-existent statute, which is inoperative as though never passed, (citations omitted, see Pet. Motion at 4-6). Hence, it must be conceded that the integrity of the habeas proceeding is flawed and subject to attack under Rule 60(b)(4). In sum, Petitioner submits this Court should not be allured by the Government's grandiloquence, but rather the Court is urged to conduct an examination of its legal authority in the judgment under attack pursuant to the statutory question presented.

## CONCLUSION

For the reasons stated herein, Petitioner Prays this Honorable Court to grant his Rule 60(b)(4) motion.

Submitted this 25 day of May, 2006.

Stephen A. Saccoccia, Pro-Se
Reg No. 02596-070
U.S.P. Lewisburg
P.O. Box 1000 Lewisburg PA.
17837

**CERTIFICATE OF SERVICE**

I declare, I have mailed a copy of the attached pleading to: The United States Attorney's Office at 50 Kennedy Plaza, Providence, Rhode Island 02903, on this 25 day of May, 2006.

Stephen A. Saccoccia, Pro-Se