IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
JUN 0 8 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

STEPHEN A. SACCOCCIA
Petitioner

v.

UNITED STATES OF AMERICA,
Respondent

Civil Case No. 97-248T
Saccoccia v. United States
Judgment of 28 U.S.C. -
§ 2255 rendered on
September 15, 1999

## MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DENYING PETITIONER'S RULE 60(b)(4) MOTION DATED MAY 30, 2006

Comes now Stephen A. Saccoccia, hereafter Petitioner requesting this Court to alter or amend its Order dated May 30, 2006, denying Petitioner's Rule 60(b)(4) motion submitted April 13, 2006.

## JURISDICTION

This Court has the authority to entertain the above captioned motion pursuant to Rule 59(e), Federal Rules of Civil Procedure.

## THE COURT'S ORDER

The Court adopting the reasons set forth in the Government's Objection, held that Petitioner was making a new or additional argument, relying on United States v Booker, 125 S. Ct. 738 (2005) new rule of constitutional law not made retroactive, and making an unauthorized motion under Title 28 U.S.C. § 2255.

## PRELIMINARY STATEMENT

For the reasons stated below, Petitioner claims that the Court erred as a matter of law and fact when procuring its Order denying Petitioner's Rule 60(b)(4) motion.

DENIED
Ernest C. Torres
Ernest C. Torres
Chief, US District Judge
7/11/06

## ARGUMENT

Consistant with Rule 60(b) jurisprudence, Petitioner took advantage of this Circuit's recognition of the unconstitutionality of the statutory provision in which this Court drew its authority when procuring the habeas corpus judgment under attack. See, U.S. v Antonakopoulos, 399 F. 3d 68, 71, 75-76 (1st Cir. 2005). Pet. Rule 60(b)(4) motion at pages 3-4. In the case at bar Petitioner attacks, not the substance of the Court's resolution of the underlying claims presented in the habeas corpus proceeding, but the defect in the integrity of said proceeding. Gonzalez v Crosby, 162 L. Ed. 2d 480, 493 (2005). Petitioner submits that the Court has misapplied Gonzalez.

In his papers, Petitioner does not cite Booker, nor does he rely upon Booker's substantive constitutional holdings which are subject to retroactive limitations. Rather Petitioner averrs that the Court labored under "[A]n unconstitutional [statute] which is, in its legal contemplation, as inoperative as though never passed" Norton v - Shellby County, 118 U.S. 425 (1886), when procuring the habeas corpus in the first instance and thus lacked the statutory power to address the underlying constitutional questions therein. Petitioner's Rule - 60 (b)(4) motion at pages 3-6. It is the lack of statutory authority which results in a defect in the integrity of the habeas corpus proceeding at issue. It is axiomatic that a federal Court's power is limited to statutory authority and when challenged the Court is required to address it.

## CONCLUSION

For the reasons stated herein, Petitioner Pray the Court grant this motion.

Submitted the 4th
day of June, 2006:

Stephen A. Saccoccia, Pro-Se

CERTIFICATE OF SERVICE

I, Stephen A. Saccoccia, hereby certify that I have served a true copy of the attached pleading to:

The United States Attorney's Office at 50 Kennedy Plaza, Providence Rhode Island, 02903

On this 4th day of June , 2006

Stephen A. Saccoccia, Pro-Se
Registration # 02596-070
U.S.P. Lewisburg
P.O.Box 1000 Lewisburg PA.
17837