**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEPHEN A. SACCOCCIA | : | |
| | : | Civil Case No. 97-248T |
| v. | : | Appeal No. 06-2122 |
| | : | |
| UNITED STATES OF AMERICA | : | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S**
**MOTION TO (sic) LEAVE TO APPEAL IN FORMA PAUPERIS**

Comes now the United States of America, by and through its attorneys Robert Clark Corrente, United States Attorney, and James H. Leavey, Assistant United States Attorney, and objects to Petitioner's Motion To (sic) Leave To Appeal In Forma Pauperis for reasons stated in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

**CERTIFICATE OF SERVICE**

On this 23rd day of August, 2006, I caused the Government's Objection To Petitioner's Motion To (sic) Leave To Appeal In Forma Pauperis, along with its accompanying Memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid:

Stephen A. Saccoccia
Reg. No. 02596-070
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEPHEN A. SACCOCCIA | : | |
| | : | Civil Case No. 97-248T |
| v. | : | Appeal No. 06-2122 |
| | : | |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM IN SUPPORT OF**
**GOVERNMENT'S OBJECTION TO PETITIONER'S**
**MOTION TO (sic) LEAVE TO APPEAL IN FORMA PAUPERIS**

On April 13, 2006, Petitioner filed his fourth 2255 motion, under the guise of FRCP 60(b)(4). Like the two immediately preceding it, this Court found it lack jurisdiction to hear the motion because it was "successive" and Petitioner failed to obtain permission to file the motion from the First Circuit. See United States v. Saccoccia, 2004 WL 1764556 (D.R.I.).

Even if one were to consider this motion as a legitimate Rule 60(b) motion, his appeal, absent a Certificate of Appealability (COA), is frivolous. Several courts of appeals have ruled that a COA is required when a prisoner appeals from the denial of a motion under Fed.R.Civ.P. 60(b) for relief from the judgment in a Section 2254 or Section 2255 proceeding. See Reid v. Angelone, 369 F.3d 363, 369 & n.2 (4th Cir. 2004)(citing cases from the Second, Third, Seventh, Eighth, Ninth, and Eleventh Circuits). The Fifth Circuit has disagreed, however. See Dunn v. Cockrell, 302 F.3d 491, 492 (5th Cir. 2002) (prisoner's appeal "from the denial of his 60(b) motion, and

not***from the merits of his habeas petition" did not require COA). In Gonzalez v. Crosby, 125 S.Ct. 2641 (2005), the Supreme Court did not decide whether a prisoner is required to obtain a COA in order to appeal the denial of a Rule 60(b) motion for relief from the judgment in a proceeding under Section 2254 or 2255, but noted that "the COA requirement appears to be a more plausible and effective screening requirement than the near-absolute bar [on Rule 60(b) motions in habeas proceedings] imposed here by the Court of Appeals." Id. at 2650 n.7.

Petitioner, long ago, abused the process. The instant Rule 60(b) motion attacked a decision of this Court seven years ago. He has no right of appeal in view of the fact that this Court had no jurisdiction in the first place to entertain the motion and he has not received permission to appeal from the appellate court. As Petitioner well knows, his remedy lies solely in the First Circuit. The government should not be required to fund a "frivolous" appeal.

The government submits this motion and appeal are frivolous. Section 1915(e)(2)(B)(i) of Title 28 requires a court to dismiss a case at any time if the Court determines the case is frivolous. Surely, that being the law, a court can deny a motion to proceed in forma pauperis on a frivolous appeal.

The fact that the government has not mentioned Petitioner's affidavit of indigency should not be considered as accepting the

claim. Petitioner has been "indigent" before when he failed to pay the millions of dollars owed to the United States, and money has been found, such as the more than 80 bars of gold, worth in excess of $1,000,000, found buried in Cranston.

For the above listed reasons, Petitioner's motion to proceed in forma pauperis should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700

**CERTIFICATE OF SERVICE**

On this 23rd day of August, 2006, I caused the Government's Objection To Petitioner's Motion To (sic) Leave To Appeal In Forma Pauperis, along with its accompanying Memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid:

Stephen A. Saccoccia
Reg. No. 02596-070
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

/s/ JAMES H. LEAVEY
JAMES H. LEAVEY
Assistant U.S. Attorney
RI Bar 1700