IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

STEPHEN A. SACCOCCIA

v.

UNITED STATES OF AMERICA

Civil Case No. 97-248(T)

Appeal of denial of Rule-60(b)(4) Motion.

RESPONSE TO THE GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

NOW COMES Stephen A. Saccoccia, hereafter Petitioner in rebuttal to the Government's objection in the above captioned case.

## FACTS

On April 24, 2006, Petitioner motioned this Court to vacate its decision in the above captioned case.

On May 31, 2006 the Court denied said motion for the reasons set forth in the Government's Objection dated May 25, 2006.

On June 13, 2006 Petitioner moved the Court for reconsideration, and on July 11, 2006 the Court denied said motion.

On July 18, 2006, Petitioner filed a NOTICE of APPEAL, and thereafter pursuant to First Circuit Local Rule 24 moved this Court for leave to appeal in forma pauperis.

On August 23, 2006, the Government filed its Objection to said request, resulting in the instant motion.

## ARGUMENT

It is the government's theory that absent a Certificate of Appealibility, (COA), Petitioner's Motion is frivolous and hence this Court should deny his request to appeal in forma pauperis. It is submitted that the Government's theory is wrong for the following reasons.

(1) As a preliminary matter, a NOTICE of APPEAL constitutes an application for COA when needed. However, as elaborated below, COA is not required in the case at bar.

Traditionally, the First Circuit reviews denial of Rule 60(b) under abuse-of discretion standard. Teamsters, Chauffers, Local No.-59 v Superline Tr., 823 F. 2d. 17, 19 (1st Cir. 1992). In the case at bar, Petitioner alleges that this Court abused its discretion by Characterizing his Rule 60(b(4) Motion as an unauthorized Motion under 28 U.S.C. § 2255(8). Because this Court's July 11, 2006 ORDER is final, it is subject to review by the Circuit Court under 28 U.S.C.-§ 1291.

(2) Because the First Circuit has already implicitly held a denial of a Rule 60(b) is appealable under 28 U.S.C. § 1291 absent COA, this Court should follow suit.

In United States v Saccoccia, Case No. 04-1657 (1st Cir. 2004) (ORDER dated November 30, 2004)(Hon. Selya, Lynch, Lipez), the Court implicitly held that this Court's characterization of Petitioner's Rule 60(b) Motion as a § 2255(8) Motion was reviewable under 28 U.S.C-§ 1291. Although the Court ultimately affirmed this Court's ruling the Court nevertheless allowed Petitioner a full review by the panel absent COA.

It should be noted that in Case No. 04-1657, the Court denied the Government's Motion for Summary Disposition. The Government premised its motion on the theory that Pititioner did not apply for a COA and thus the appeal could be dismissed on that basis alone. In the instant matter before this Court, the Government attempts to make the same argument, "Even if one were to consider this motion as a legitimate Rule 60(b) motion, absent COA, is frivolous".(Govt. Memo. in Support of its Objection to Petitioner's Motion to (sic) Leave to Appeal in Forma Pauperis, at page 1 ¶2). See, and compare to Govt. Memo. in Support of its Motion for Summary Disposition at page 1 ¶2 to the ORDER dated November 30, 2004, dening the Government's motion and stating "[T]he Appeal will be decided in due course". Attached hereto as attachment A and B respectively.

In sum this Court should hold that COA is not required in order for Petitioner to appeal it decision of May 25 and July 11, 2006.

## CONCLUSION

WHEREFORE, in the interest of justice, Petitioner urges this Honorable Court to grant this motion.

Submitted on this 11th day of September, 2006.

Stephen A. Saccoccia, Pro-Se

## CERTIFICATE OF SERVICE

I declare , I have mailed a copy of the attached pleading to: The United States Attorney's Office at 50 Kennedy Plaza, Providence, Rhode Island on this 11th day of September, 2006

Stephen A. Saccoccia
Registration # 02596-070
U.S.P. Lewisburg P.O. Box
1000 Lewisburg PA. 17837