MANDATE

# United States Court of Appeals
## For the First Circuit

97-00248
Rhode Island
E. Torres

No. 06-2126

STEPHEN A. SACCOCCIA,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

Before

Torruella, Selya and Howard,
Circuit Judges.

JUDGMENT

Entered: October 3, 2006

Petitioner Stephen Saccoccia seeks to appeal from a district court order construing his motion under Fed. R. Civ. P. 60(b) as an unauthorized second or successive habeas petition under 28 U.S.C. § 2255. The arguments he advances are virtually identical to those we rejected last year in a similar appeal brought by petitioner. See 1st Cir. No. 04-1657. Although the instant appeal is still in its early stages, it is so patently without merit that summary disposition at this point is warranted. See 1st Cir. R. 27(c) (permitting such disposition "[a]t any time" if it shall "clearly appear that no substantial question is presented"). We affirm.

Pointing to the two provisions of the Sentencing Reform Act of 1984 that were "excised" by Booker v. United States, 543 U.S. 220, 258-60 (2005), petitioner asserts that his sentence was imposed in violation of due process. In his view, his 1999 habeas judgment is thus void, and he is entitled to pursue such a claim under Fed. R. Civ. P. 60(b)(4). To the contrary, just as we held in No. 04-1657, the district court properly construed the Rule 60(b) motion as a

second or successive § 2255 petition. Petitioner is not challenging "some irregularity or procedural defect in the procurement of the judgment denying habeas relief," Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003), or complaining of "some defect in the integrity of the federal habeas proceedings," Gonzalez v. Crosby, 125 S. Ct. 2641, 2648 (2005) (footnote omitted). Instead, he is attacking "the constitutionality of the underlying ... sentence." Rodwell, 324 F.3d at 70. "[S]uch a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." Gonzalez, 125 S. Ct. at 2647. The district court was thus clearly correct in dismissing for lack of jurisdiction. See 28 U.S.C. § 2255 ¶ 8 (adopting § 2244(b)(3)'s requirement that successive petition by authorized by appellate court).

If we construe petitioner's appellate papers as a request for such authorization, he would fare no better, due to his failure to satisfy either of the gatekeeping criteria in 28 U.S.C. § 2255 ¶ 8. A new rule of law can form the basis for a second or successive petition only if that rule has been "made retroactive to cases on collateral review by the Supreme Court." Id. ¶ 8(2). To date, the Supreme Court has not declared any of its Booker-related decisions to be retroactive. See Tyler v. Cain, 533 U.S. 656, 663 (2001) (explaining that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"). Those decisions thus provide no basis at this point for the filing of a second or successive petition. See, e.g., Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005) (holding that Booker does not apply retroactively); Cuevas v. Derosa, 386 F.3d 367, 367-68 (1st Cir. 2004) (per curiam) (denying leave to file second or successive petition based on Blakely v. Washington, 542 U.S. 296 (2004)).

Affirmed. See 1st Cir. R. 27(c). The "motion to vacate procedural order" is denied as moot. To the extent petitioner's appellate papers can be construed as a request for authorization to file a second or successive § 2255 petition, that request is denied without prejudice.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

[signature]
Deputy Clerk

Date: 12/27/06

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________
Chief Deputy Clerk.

[cc: Stephen A Saccoccia, James H. Leavey, AUSA, Michael P. Iannotti, AUSA, Donald Lockhart, AUSA]